```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

SHAREENAH ROBERTS,

      *Plaintiff*,

  v.

CITY OF NEWARK, NEW JERSEY, et al.,

      *Defendants*.

Civil Action No. 23-16144 (MEF)(JBC)

**OPINION and ORDER**

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the allegations and procedural history of this case.

\* \* \*

The Defendants have filed a motion to dismiss. See Det. Lloyd Martin, Det. Anthony DeMattia, and Det. John Cosgrove's Memorandum of Law in Support of Motion to Dismiss ("Motion to Dismiss") (Docket Entry No. 17). The Motion is granted in part.

The Court's analysis is below, in four parts.

\* \* \*

First, the Complaint seems to raise, among other things, two federal constitutional claims, for (a) unlawful seizure and (b) excessive force. See Complaint ¶¶ 77-79.

The Defendants move to dismiss Count One to the extent it raises these claims, on statute-of-limitations grounds. See Motion to Dismiss at 9-10. The Plaintiff agrees that dismissal is warranted on this basis. See Plaintiff's Letter-Memorandum Opposing the Rule 12(b)(6) Motion of the ECPO Defendants to Dismiss the Complaint at 7.

Count One is dismissed to the extent it raises the claims referenced in this section.

\* \* \*

Second, one paragraph of the Complaint could potentially be read as suggesting a selective prosecution claim under the federal Constitution.  See Complaint ¶ 56.

To the extent such a claim is pressed, the Defendants move to dismiss it, noting, among other things, that there are no "similarly situated" allegations in the Complaint, as required under Gov't of Virgin Islands v. Harrigan, 791 F.2d 34 (3d Cir. 1986), and its progeny.  See Motion to Dismiss at 2-3.

This argument is persuasive.

And moreover, the Plaintiff does not reply to this argument in her papers.  See Maltez v. New Jersey Transit Rail Operations, Inc., 2024 WL 3276998, at \*4 (D.N.J. July 1, 2024).

To the extent the Complaint can be taken as raising a selective prosecution claim, that claim is dismissed.

\* \* \*

Third, the Complaint seems to press a federal malicious prosecution claim against the Defendants based on the Plaintiff's indictment by a New Jersey Grand Jury.  See Complaint ¶¶ 49-55.  (The indictment was later dismissed.  See id. at ¶ 53.)

To show the prosecution was malicious, the Complaint relies on two sorts of allegations.

First, that the Defendants knew the Plaintiff was "innocent," and that the charges against her were "false" and "fabricated." See id. at ¶¶ 52, 57.  But these allegations are highly conclusory.  They do not purport to be backed up by allegations of a somewhat more granular or case-specific nature.  Therefore, they cannot suffice.  See, e.g., Santiago v. Warminster Twp., 629 F.3d 121, 131 (3d Cir. 2010); Fowler v. UPMC Shadyside, 578 F.3d 203, 209 (3d Cir. 2009).

Second, the Plaintiff complains of a question and answer that was said to have put before the Grand Jury that returned the indictment.

> Q. In your experience as a law enforcement officer investigating financial crimes is it ordinary or usual for a person with quarterly wages of $6,659.40 to possess and

2

```
          pay thousands – or tens of thousands of
          extra dollars toward car payments?

          A. No it's not ordinary or usual.
```

Complaint ¶ 48 (quoting Grand Jury Transcript at 67).

But there is no suggestion that this was the only evidence put before the Grand Jury.

Moreover, evidence of unexplained wealth has long been thought to be acceptable evidence (even typical evidence) in a wide variety of criminal cases, including those that involve financial offenses of the sort the Plaintiff was accused of here.  See, e.g., United States v. Adames, 59 F. App'x 442, 445 (3d Cir. 2003); United States v. Hall, 44 F. App'x 532, 534-35 (3d Cir. 2002); United States v. Chaney, 446 F.2d 571, 575 (3d Cir. 1971); see generally Evidence of Acquisition or Possession of Money, Source of Which is Not Traced, As Admissible Against Defendant in Criminal Case, 91 A.L.R.2d 1046 (collecting hundreds of cases).

There is no reason, without more, to treat the presentation of everyday, bread-and-butter evidence as proof of an unconstitutional malicious prosecution.

To the extent the Complaint raises a federal malicious prosecution claim against the Defendants based on the Plaintiff's indictment, that claim is dismissed.

\*   \*   \*

Fourth, the Complaint appears to raise a federal malicious prosecution claim against the Defendants based on the initiation of a civil in rem action against certain property.  See Complaint ¶¶ 34-46.

The Defendants argue that this claim must be dismissed, because it concerns property that was seized about two months earlier, when a search warrant was executed at the Plaintiff's house.  See Motion to Dismiss at 15.  On this argument, the in rem civil proceeding was immaterial here; it caused no taking of property, because the property had already been taken.  See id. at 15-16.

But this is not persuasive.

The best inference from the Complaint is that state officials could continue to retain the property they had seized when the search warrant was executed because of the initiation of the in

3

rem action. See generally Lutz v. Portfolio Recovery Assocs., LLC, 49 F.4th 323, 334 (3d Cir. 2022) ("pleading[s] receive[] the benefit of reasonable inferences at the motion-to-dismiss stage"). On this allegation, the harm of the in rem proceeding was not that property was seized, but rather that the seized property was allowed to be kept. And keeping a person's property counts as potentially cognizable harm.

To the extent the Defendants move to dismiss the federal malicious prosecution claim against them based on the initiation of the in rem action, the Motion is denied.

\*   \*   \*

As noted above, a number of federal claims have been dismissed. This is without prejudice. The Plaintiff may file a new Complaint, should she wish to, within the next 30 days.

\*   \*   \*

A word before concluding.

In addition to the above, the Defendants also seek to dismiss various state law claims, in part on the ground that the Plaintiff did not comply with certain notice-of-claim requirements. See Motion to Dismiss at 29-30.

The Court does not take up those arguments here now. The main reason: in light of this Opinion, the federal claims that remain here are greatly narrowed, and state law claims predominate. In this circumstance, the Court may be inclined not to exercise jurisdiction over the state law claims against the Defendants. See 28 U.S.C. 1367(c)(2) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- . . . (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction").

But that is a matter that is best addressed later, after the Plaintiff has determined whether to file a new Complaint.

\*   \*   \*

It is on this 23rd day of July, 2024 **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.