**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SHAREENAH ROBERTS,<br><br>      *Plaintiff*,<br><br>  v.<br><br>CITY OF NEWARK et al.,<br><br>      *Defendants.* | No. 23-cv-16144 (MEF)(JBC)<br><br>**OPINION and ORDER** |

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the allegations and procedural history of this case.

\* \* \*

Detectives Lloyd Martin, Anthony DeMattia, and John Cosgrove, referred to from here as "the Defendants," move to dismiss Count I of the Amended Complaint under Federal Rule of Civil Procedure 15(c).[1]  See ECPO Defendants' Memorandum of Law in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 15(c) (ECF 39) ("Motion to Dismiss") at 1.

The motion is denied.

\* \* \*

Count I is a claim for malicious prosecution, brought under 42 U.S.C. § 1983.  See Amended Complaint (ECF 32) ¶¶ 110-12.

And the limitations period for that claim is two years.  See Montgomery v. De Simone, 159 F.3d 120, 126 n.4 (3d Cir. 1998);

---

[1] The other defendant, the City of Newark, did not join the motion.

see also Backof v. N.J. State Police, 92 F. App'x 852, 855 (3d Cir. 2004).

The claim accrued on the day that the criminal charges against Shareenah Roberts (from here, "the Plaintiff") were dismissed. See Coello v. DiLeo, 43 F.4th 346, 356 (3d Cir. 2022); Backof, 92 F. App'x at 855. That was April 7, 2022. See Amended Complaint ¶ 69.

The original Complaint was filed on September 5, 2023 --- within the two-year window. See Complaint (ECF 1).

But per the docket sheet, the Amended Complaint was filed on September 23, 2024, outside the limitations period. See ECF 32.

That is where Rule 15(c) comes into play.

"Where a claim is barred by the statute of limitations, amendment is only permitted if the proposed amended complaint relates back to the date of the original pleading pursuant to Rule 15(c)." Anderson v. Bondex Int'l, Inc., 552 F. App'x 153, 156 (3d Cir. 2014) (cleaned up); see generally 1 Moore's Manual § 9.51(7)(a) (2025) (discussing relation back).

In relevant part, the Rule provides:

> An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out --- or attempted to be set out --- in the original pleading[.]

Fed. R. Civ. P. 15(c)(1)(B).

The Defendants argue that the Amended Complaint does not relate back, because it contains "newly alleged" facts that they did not have enough notice of. See Motion to Dismiss at 5-6.

But this is not persuasive.

\*   \*   \*

To see why, start with the allegations from the initial Complaint.

The Plaintiff's apartment was searched. See Complaint ¶¶ 17, 20, 32-33. Police seized around $30,000; a car; and designer goods, among other things. See id. ¶ 18.

2

Just over five months later, one of the Defendants helped prepare a criminal complaint against the Plaintiff, charging her with money laundering in violation of N.J.S.A. 2C:21-25(b)(2)(a). See id. ¶ 23. A core basis for the criminal charge: that the payments on the seized car, plus the Plaintiff's rent, exceeded her verifiable annual income. See id. ¶ 24.

Based on this, the Plaintiff was arrested and jailed. See id. ¶ 25.

But a New Jersey court eventually dismissed the case against her, determining that the charging instrument was not supported by probable cause because it leaned too heavily on the mismatch between her reported income and her spending. See id. ¶ 53.

\* \* \*

Compare the above allegations from the initial Complaint to the allegations in the Amended Complaint.

The amended allegations are based on the same search and seizure --- conducted at the same place and at the same time and involving the same law-enforcement officers and the same person whose apartment was searched (the Plaintiff's). See Amended Complaint ¶¶ 18, 21-22, 26. And the Amended Complaint describes the same criminal complaint, arrest, and eventual dismissal. See id. ¶¶ 31-33, 69.

The only meaningful new detail in the Amended Complaint: during the search of her apartment, the Plaintiff told one of the law-enforcement agents, Defendant DeMattia, that it was her fiancé who paid her rent and took care of her car payments. See id. ¶¶ 24-25. And based on this statement, the Amended Complaint claims, the Defendants knew or should have known that allegations made in the criminal complaint and later before the grand jury --- that the Plaintiff made those payments herself --- were false. See id. ¶¶ 42, 62-63.

\* \* \*

Does the referenced new allegation mean that the Amendment Complaint runs afoul of Rule 15(c)'s requirement that "the amendment assert[] a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading?" Fed. R. Civ. P. 15(c)(1)(B).

The Court's conclusion: no.

3

"[T]he touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." Glover v. FDIC, 698 F.3d 139, 146 (3d Cir. 2012) (cleaned up).

Based on that notice concern, relation back is allowed only if the defendant was given "fair notice of the general fact situation and the legal theory upon which the [plaintiff] proceeds." Id.

And "amendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading" satisfy Rule 15(c)'s requirements. Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004).

That is this case.

Count I of both the original Complaint and the Amended Complaint is based on the same legal theory --- malicious prosecution. Compare Complaint ¶¶ 77-79, with Amended Complaint ¶¶ 110-12. The complaints involve the same set of Defendants. Compare Complaint ¶¶ 8-10, with Amended Complaint ¶¶ 9-11. They are based on the same search, seizure, and subsequent prosecution. Compare Complaint ¶¶ 17, 25, 53, with Amended Complaint ¶¶ 18, 26, 33, 69. They focus exclusively on the same incident, and it is a narrow one.

The only difference that the Defendants point to is the added allegation as to a statement made to one of them. See Motion to Dismiss at 7; Amended Complaint ¶¶ 24-25.

But that is not "a new claim," as the Defendants assert. See Motion to Dismiss at 7. Rather, it is a fleshing-out of the old one --- the kind of "greater particularity," Bensel, 387 F.3d at 310, that Rule 15(c) allows.

And it is an allegation as to what was said to someone who has been involved in this case from the beginning, and as a Defendant.

It is not based, for example, on the conduct of a new, surprise witness who the Defendants will now need to begin trying to track down. That sort of circumstance might conceivably

4

generate a notice issue that could change the Rule 15(c) picture.

But no such issue is spun off by alleging in the complaint an additional statement made by one of the case's long-standing Defendants, said to have been made at the key moment in the case. Adding that alleged statement into the mix now is simply a matter of "amplify[ing] the factual circumstances surrounding the pertinent . . . occurrence in the preceding." Bensel, 387 F.3d at 310. A full description from the get-go of everything that was allegedly said goes well beyond "the notice that statutes of limitations were intended to provide," Glover, 698 F.3d at 146, and is not required by Rule 15(c).[2]

\* \* \*

The Defendants' motion to dismiss Count I of the Amended Complaint pursuant to Rule 15(c) is denied.

IT IS on this 14th day of July, 2025, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

[2] Indeed, reading such a requirement into Rule 15(c) would open up daylight between that Rule and Rule 8(a)(2), which directs that complaints be "short."

5