```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SHAREENAH ROBERTS,  *Plaintiff*,  v.  CITY OF NEWARK et al.,  *Defendants.* | No. 23-cv-16144 (MEF)(JBC)  **OPINION and ORDER** |

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the allegations and procedural history of this case.

\* \* \*

The relevant allegations for now are as follows.[1]

The apartment of a particular individual[2] was searched. See Amended Complaint (ECF 32) ("Complaint") ¶ 18. Police seized around $30,000; I-phones; a car; and designer goods. See id. ¶ 26.

During the search, the person whose apartment was being searched told one of the officers that her fiancé paid for the car and her rent. See id. ¶¶ 24-25.

---

[1] At this stage, the Court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). Whether or not the allegations are true --- that is an issue for later.

[2] Shareenah Roberts.

Just over five months later, one of the officers helped prepare a criminal complaint against the individual, charging her with money laundering in violation of N.J.S.A. 2C:21-25(b)(2)(b). See id. ¶ 31.  A core basis for the criminal charge: that payments on the seized car, plus her rent, exceeded her income. See id. ¶ 32.

Based on this, she was arrested and jailed.  See id. ¶ 33.

A civil complaint was also later filed, seeking forfeiture of the seized property.  See id. ¶ 46.

A New Jersey court eventually dismissed the criminal case, determining that the charging instrument was not supported by probable cause.  See id. ¶¶ 69-71.  And the civil forfeiture complaint was later dismissed, too, on similar grounds.  See id. ¶ 86.

\*   \*   \*

In light of the above, the individual sued.

She is referred to from here as "the Plaintiff."  She named four members of the police force involved in the search, along with the City of Newark and the County of Essex.

The Plaintiff brought three claims that are relevant here.

One is federal, a claim under 42 U.S.C. § 1983 for malicious prosecution in violation of her Fourth, Fifth, and Fourteenth Amendment rights.  See id. ¶¶ 110-12.  The other two are state claims, for intentional infliction of emotional distress and negligent infliction of emotional distress.  See id. ¶¶ 130-36.

Three of the named police officials,[3] each a detective, now move to dismiss the Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).  They are referred to from here as "the Defendants."

\*   \*   \*

Look first to the back and forth as to the Plaintiff's Section 1983 malicious prosecution claim.

The Defendants originally offered up a particular argument for dismissal of the malicious prosecution claim, see Motion to Dismiss (ECF 35) at 14-19, but later withdrew it.  See Reply

---

[3]   Lloyd Martin, Anthony DeMattia, and John Cosgrove.

2

Brief (ECF 38) at 7-8. That argument is therefore not before the Court.[4]

The Defendants' live argument: the malicious prosecution claim must be dismissed because an adequate post-deprivation remedy was available as a matter of state law, for the Plaintiff to get back the property that was seized from her under the civil forfeiture order. See Motion to Dismiss at 1, 11-13 (relying on Hudson v. Palmer, 468 U.S. 517 (1984)).

But this misses the mark.

The Plaintiff's core argument is that she was maliciously prosecuted and then jailed on that basis. See Complaint ¶¶ 33-35, 74-84, 110-12.

Hudson has nothing to do with that circumstance. It is about an allegedly unlawful taking of property from an inmate. See 468 U.S. at 520-21. Not the alleged improper prosecution and jailing of a person.

The elements of a malicious prosecution claim are that the defendant "(1) instituted proceedings (2) without probable cause and (3) with legal malice; and (4) the proceedings terminated in favor of the plaintiff." Trabal v. Wells Fargo Armored Serv. Corp., 269 F.3d 243, 248 (3d Cir. 2001).

The Defendants do not engage in a meaningful away with any of these; they do not seek to show that the Complaint fails to check some or all of the required boxes.[5]

---

[4] The withdrawn argument, per the Plaintiff, might "implicitly" have been a qualified immunity argument. See Opposition Brief at 16. Maybe. But that is crystal clear from the Defendants' papers. The now-withdrawn section does not mention the phrase "qualified immunity." And only one of the cases cited in that section is itself about qualified immunity. See Motion to Dismiss at 18 (citing Olson v. Ako, 724 F. App'x 160 (3d Cir. 2018)). It is not obvious that a qualified immunity argument was ever made. And if it was, it has now been withdrawn.

[5] The parties argue at some length about whether malicious prosecution's roots are in procedural due process or substantive due process. See Motion to Dismiss at 11-13; Opposition Brief (ECF 37) at 10-15; Reply Brief (ECF 38) at 1-5. But this makes no practical difference. The question of where malicious prosecution finds its toehold in the Constitution does not change the fact that the Third Circuit has definitively set out

On a motion to dismiss, "the burden is on the moving party." Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).

The Defendants have not carried it.[6]

\*   \*   \*

Next, the Defendants argue that the Plaintiff's state law claims (Count IV and Count V) should be dismissed because she failed to comply with the requirements of the New Jersey Tort Claims Act.[7] See Motion to Dismiss at 19.

Per the Act: "no action shall be brought against a public entity or public employee under this act unless that claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J.S.A. § 59:8-3(a).

A "claim" must include "[a] general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim." Id. § 59:8-4(d).

The Plaintiff submitted a claim. See Motion to Dismiss, Exhibit B (ECF 35-7) ("Notice of Claim").

But the Defendants argue it was deficient.

The notice of claim does not provide notice of the Plaintiff's emotional distress claims, the argument goes, because it did not say that she suffered any emotional damages. See Motion to Dismiss at 19-20.

Instead, the Defendants note, the notice of claim simply said that the Plaintiff was "falsely arrested" and that "her property [was] seized and impounded," Notice of Claim at 1, and listed

---

its elements --- and that the Defendants do not explain why the Plaintiff's allegations are insufficient as to one element or another.

[6] As suggested in the text, the Plaintiff's Count One malicious prosecution claim does not seem to depend on retention of her property, but rather on her detention. ("Seem" because Count One relies in its freestanding part, see Complaint ¶¶ 110-12, entirely on hard-to-follow boilerplate language.)

[7] The Act's requirements do not apply to the Plaintiff's Section 1983 claim. See Fuchilla v. Layman, 109 N.J. 319, 330-31 (1988). And the Defendants do not argue otherwise.

4

her injuries as "[p]ayments to [her] defense attorney $10,000," "[l]oss of property," and "[l]oss of U.S. Currency." Id. at 2.

The Plaintiff's counterargument is that a notice-of-claim argument from the Defendants is "premature" at this point in the litigation. Opposition Brief (ECF 37) at 20.

But the counterargument does not work.

The failure to file a proper notice of claim is an appropriate ground for dismissal at the motion to dismiss stage. See, e.g., Harrison v. N.J. State Police, 2019 WL 3492167, at *5 (D.N.J. Aug. 1, 2019) (collecting cases).[8]

---

[8] In the title of a section heading, the Plaintiff also alludes to the possibility of another notice-of-claim counterargument --- that she "substantially complied" with the underlying statute. See Opposition Brief at 20. But no such counterargument was ever actually made by the Plaintiff. See id. at 20-21. There is nothing other than the reference in the section heading. Any counterargument from substantial compliance went unmade, and is therefore waived; it is not considered here by the Court. See, e.g., Lynch v. Tasty Baking Co., 2024 WL 2848295, at *2 (E.D. Pa. June 5, 2024) ("The filing of a brief in opposition to a motion to dismiss that fails to respond to a substantive argument is a waiver or abandonment of that claim."); Oxford House, Inc. v. Twp. of North Bergen, 2024 WL 2292053, at *7 (D.N.J. May 21, 2024) ("Because Plaintiff did not respond to the arguments raised in [the] Defendants' motion, the Court deems waived any arguments in opposition to [the argument]."); Burns v. SeaWorld Parks & Ent., Inc., 675 F. Supp. 3d 532, 548 (E.D. Pa. 2023) (in the context of opposing a motion to dismiss, "[a]rguments consisting of no more than a conclusory assertion lacking supporting citations will be deemed waived") (cleaned up); D.A. v. Finish Line, Inc., 2022 WL 7989391, at *2 (D.N.J. Oct. 14, 2022) ("Failure to argue in response to a defendant's motion to dismiss when there is an opportunity to do so results in a waiver of that claim or argument."); O'Neal v. Middletown Twp., 2019 WL 77066, at *3 (D.N.J. Jan. 2, 2019) ("Plaintiffs fail to present any substantive argument in opposition to [an argument raised in the motion to dismiss], and therefore, also conceded this point."); Trusted Transp. Sols., LLC. v. Guarantee Ins. Co., 2018 WL 2926167, at *3 (D.N.J. June 11, 2018) (where the Plaintiff "did not dispute or even address any of" the Defendants' arguments for dismissal, the "Plaintiff's opposition to dismissal . . . is . . . deemed waived."); Griglak v. CTX Mortg. Co., LLC, 2010 WL 1424023, at *3 (D.N.J. Apr. 8, 2010)

5

\*   \*   \*

The Defendants' motion to dismiss as to Count I is denied, and its motion to dismiss as to Count IV and Count V is granted.

IT IS on this 22nd day of July, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

("The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count.").